PD - 0772 - 15

COA No. 01-13-00920-CR

Tr. Ct. No. 12-09-09812-CR

RECEIVED IN COURT OF CRIMINAL APPEALS

DEC 17 2015

Abel Acosta, Clerk

# LYDELL ANTON JONES

## VS.

# STATE OF TEXAS

## PETITIONER'S MOTION FOR REHEARING

PETITIONER LYDELL ANTON JONES, SUBMIT THIS MOTION FOR REHEARING IN RESPONSE TO THE REFUSAL ISSUED BY THE CRIMINAL COURT OF APPEALS ON NOVEMBER 18, 2015 AND REQUESTS THE COURT TO CONSIDER THE FOLLOWING ISSUES:

### ISSUES PRESENTED FOR REVIEW

**ISSUE A:** PETITIONER COMPLAINES THAT HIS FOURTH AMENDMENT PROPERTY INTEREST AND PRIVACY INTEREST WAS VIOLATED, DUE TO THE OPENING OF PETITIONER'S FIRST-CLASS MAIL WITHOUT HIS CONSENT; ALSO PETITIONER COMPLAINES THAT THE SEARCH OF SAID MAIL PACKAGE VIOLATED HIS CONSTITUTIONAL RIGHT (FOURTH AMENDMENT), DUE TO OFFICER NOT OBTAINING A SEARCH WARRANT AFTER CANINE ALERTED TO THE MAIL PACKAGE...

THE FOURTH AMENDMENT STATES "A CANINE ALERTING TO A PACKAGE MAILED THROUGH THE UNITED STATES POSTAL SERVICE IS ONLY PROBABLE CAUSE TO SEEK A SEARCH WARRANT.

**ISSUE B:** PETITIONER COMPLAINES HE WAS SUBJECTED TO INEFFECTIVE ASSISTANCE OF COUNSEL, DUE TO TRIAL ATTORNEY FAILING TO FILE A ENTRAPMENT MOTION IN A TIMELY MANNER BEFORE THE TRIAL DATE. REFER TO COURT REPORTERS RECORD (Vol.3, page 8 Line 20-25); ALSO PETITIONER COMPLAINES HE WAS SUBJECTED TO INEFFECTIVE ASSISTANCE OF COUNSEL, DUE TO TRIAL COUNSELOR FAILING TO FILE MOTION TO SUPPRESS THE EVIDENCE WITHIN A CONCEALED MAIL PACKAGE. REFER TO COURT REPORTERS RECORD (Vol.3, page 9 Line 1-16).

STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984) THE SIXTH AMENDMENT GUARANTEES THE RIGHT TO EFFECTIVE ASSISTANCE COUNSEL. SEE Gentry V. Sevier, 597 F.3D 838, 851-52 (7th CIR 2010); ALSO SEE Kimmelman V. Morrison, 477 U.S. 365 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) SEE Burger V. Kemp, 483 U.S. 776, 107 S.Ct. 3114 97 L.Ed.2d 638 (1987).

PAGE 1

# ARGUMENT & AUTHORITIES
## ISSUE A

<u>Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)</u> REJECTED THE <u>PROPERTY INTEREST</u>, IN FAVOR OF A <u>PRIVACY INTEREST</u>. IN TAKING THIS APPROACH, THE FOURTH AMENDMENT PROTECT PEOPLE, NOT PLACES. WHAT A PERSON KNOWINGLY EXPOSE TO THE PUBLIC, EVEN IN HIS OWN HOME OR OFFICE, IS NOT A SUBJECT OF THE FOURTH AMENDMENT PROTECTION. BUT WHAT HE SEEKS TO PRESERVE AS PRIVATE, EVEN IN AN AREA ACCESSIBLE TO THE PUBLIC, MAY BE "CONSTITUTIONALLY PROTECTED." THE MAJORITY OPINION IN THE <u>Katz</u> CASE DOES NOT ELABORATE UPON THE PRIVACY APPROACH EXCEPT FOR THE HELPFUL OBSERVATION THAT DEFENDENT'S ACTIVITIES WERE PROTECTED BECAUSE THE GOVERNMENT INTRUSION "VIOLATED THE PRIVACY UPON WHICH HE JUSTIFIABLY RELIED." JUSTICE HARLAN'S OFT-QUOTED CONCURRENCE SUGGESTED A "TWO-FOLD REQUIREMENT: FIRST THAT A PERSON HAVE EXHIBITED AN ACTUAL (SUBJECTIVE) EXPECTATION OF PRIVACY; AND, SECOND THAT THE EXPECTATION BE ONE THAT SOCIETY IS PREPARED TO RECOGNIZE AS 'REASONABLE'.

<u>OPENING OF MAIL:</u> PETITIONER COMPLAINES HIS FOURTH AMENDMENT RIGHT WAS VIOLATED BECAUSE OF A UNCONSTITUTIONAL SEARCH AND SEIZURE OF HIS MAIL PACKAGE. IT HAS LONG BEEN HELD THAT FIRST-CLASS MAIL SUCH AS LETTERS AND SEALED PACKAGES ARE FREE FROM INSPECTION BY GOVERNMENT AUTHORITIES EXCEPT IN THE MANNER PROVIDED BY THE FOURTH AMENDMENT. SEE <u>United States v. Leeuwen, 397 U.S. 249, 251, 90 S.Ct. 1029, 25 L.Ed.2d 282 (1970)</u>: SEE <u>United States v. Jacobsen, 466 U.S. 109, 114, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984)</u>.

<u>CONSENT OF SEARCH:</u> PETITIONER GAVE A CONSENSIAL SEARCH TO THE OFFICER TO SEARCH THE AUTOMOBILE FOR DRUGS AND GUNS, BUT DID NOT AUTHORIZE OFFICER TO OPEN HIS MAIL LOCATED IN THE BACKSEAT OF THE AUTOMOBILE. ASSUMING A VALID CONSENT, THE POLICE MAY NOT EXCEED THE PHYSICAL BOUNDS OF THE AREA AS TO WHICH CONSENT WAS GRANTED, SUCH AS BY LOOKING THROUGH PRIVATE PAPERS AFTER A CONSENT TO ALLOW SEARCH FOR NARCOTICS. THE STANDARD FOR DETERMINING THE SCOPE OF THE CONSENT "IS THAT OF 'OBJECTIVE' REASONABLENESS — WHAT WOULD THE TYPICAL REASONABLE PERSON HAVE UNDERSTOOD BY THE EXCHANGE BETWEEN THE OFFICER AND THE SUSPECT." <u>Florida v. Jimeno, 500 U.S. 248, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991)</u>. ASSUMING CONSENT TO SEARCH A CERTAIN PLACE, THE POLICE MAY LOOK INSIDE UNLOCKED (BUT NOT LOCKED) CONTAINERS LARGE ENOUGH TO CONTAIN THE OBJECT THE POLICE STATED THEY WERE LOOKING FOR. JIMENO, <u>SUPRA</u>. THERE IS DISAGREEMENT AS TO WHETHER A VOLUNTARY CONSENT MAY BE USED TO JUSTIFY A SECOND SEARCH OF THE SAME PLACE AFTER A FRUITLESS FIRST SEARCH; AT LEAST WHERE THERE HAS BEEN A SIGNIFICANT PASSAGE OF TIME. THE SECOND INVOLVES RE-ENTRY OF DEFENDANT'S MAIL, AND DEFENDANT'S STATUS HAS CHANGED FROM SUSPECT TO ACCUSED THE SECOND SEARCH CANNOT BE JUSTIFIED ON THE ASSUMPTION THAT DEFENDANT'S CONSENT IS CONTINUING. IN ANY EVENT, A CONSENT MAY BE WITHDRAWN OR LIMITED AT ANYTIME PRIOR TO THE COMPLETION OF THE SEARCH. THOUGH SUCH A REVOCATION DOES NOT OPERATE RETROACTIVELY SO AS TO MAKE INVALID A SEARCH CONDUCTED PRIOR TO REVOCATION.

# ARGUMENT & AUTHORITIES
## CONTINUING ISSUE A from pg. 2.

**SEARCH OF MAIL PACKAGES** ARE PROTECTED BY THE FOURTH AMENDMENT. FOURTH AMENDMENT STATES THAT PEOPLE IN THE UNITED STATES RIGHTS ARE PROTECTED IN THEIR PERSONS, HOUSES, PAPERS, AND EFFECTS, INCLUDING PACKAGES THAT HAVE BEEN MAILED IN THE UNITED STATES USING THE UNITED STATES POSTAL SERVICE AND THAT THE PACKAGE IS STILL PROTECTED (ESPECIALLY WHEN STILL SEALED) UNDER THIS AMENDMENT. SEE (U.S.C.A 18 1703 NOTE 11) (U.S. V. Herrera C.A. 10 (N.M) 810 F.2d 989).

**CANINE SEARCH:** IT IS SAID THAT USING A DOG TO DETECT DRUGS OR NARCOTICS IN A SUITCASE, LUGGAGE, OR PACKAGE IS NO SEARCH BECAUSE. UNLIKE ANY OTHER INVESTIGATIVE PROCEDURE; IT "DISCLOSES ONLY THE PRESENCE OR ABSENCE OF CONTRABAND ITEM" AND "DOES NOT EXPOSE NON-CONTRABAND ITEMS THAT OTHERWISE WOULD REMAIN HIDDEN FROM PUBLIC VIEW." United States V. Place 462 U.S. 696 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983), BY SIMILAR REASONING, IT WAS HELD IN U.S. V. Jacobsen (1984) THAT FIELD TESTING OF A WHITE POWDER UNCOVERED BY A PRIVATE SEARCH WAS NO SEARCH. AS IT WOULD REVEAL WHETHER THE POWDER WAS AN ILLEGAL SUBSTANCE. SOMETIME EVEN POLICE ACTION IN OPENING A PACKAGE WILL BE TREATED LIKE A PLAIN VIEW SITUATION ON THE GROUND THAT THE OPENING DID NOT INTRUDE UPON ANY REASONABLE EXPECTATION OF PRIVACY. THIS IS SO AS TO CONTAINERS WHOSE "CONTENTS CAN BE INFERRED FROM THEIR OUTWARD APPEARANCE". Arkansas V. Sanders. 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), AND AS TO REOPENING OF PACKAGE AFTER CONTROLLED DELIVERY FOLLOWING AN EARLIER LAWFUL GOVERNMENT INSPECTION OF THE PACKAGE'S CONTENTS, ILL. V. Andreas. 463 U.S. 765 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983), OR AFTER THE PRIVATE PERSON SUMMONED POLICE HAD OPENED THE PACKAGE TO THE SAME EXTENT BUT THEN CLOSED IT. U.S. V Jacobsen (1984). WHILE THE CHARACTERIZATION OF AN OBSERVATION AS A NONSEARCH PLAIN VIEW SITUATION SETTLES THE LAWFULNESS OF THE OBSERVATION ITSELF, IT DOES NOT INEVITABLY FOLLOW THAT A WARRANTLESS SEIZURE OF THE OBSERVED OBJECT WOULD BE LAWFUL. AS EXPLAINED IN ILL. V. Andreas (1983), THE PLAIN VIEW DOCTRINE "AUTHORIZES SEIZURE OF ILLEGAL OR EVIDENTIARY ITEMS VISIBLE TO A POLICE OFFICER" ONLY IF THE OFFICER'S ACCESS TO THE OBJECT" ITSELF HAS A "FOURTH AMENDMENT JUSTIFICATION."

## ARGUMENT & AUTHORITIES
## ISSUE B
### THE USE OF SECRET AGENTS TO "ENCOURAGE" CRIMINAL CONDUCT SOMETIME LEAD TO **ENTRAPMENT** WHICH ALSO HAS A POSSIBLE CONSTITUTIONAL BASES

## ARGUMENT & AUTHORITIES
## CONTINUING ISSUE B from pg.3

THE SUPREME COURT HAS HELD THAT TECHNIQUES OF EN-COURAGEMENT MAY NOT REACH THE POINT WHERE THEY CONS-TITUTE "**ENTRAPMENT**"; IF THEY DO, THE PRESENCE OF **EN-TRAPMENT** CONSTITUTES A DEFENSE TO THE DEFENDENT'S OTHERWISE CRIMINAL ACT. PETITIONER WAS CALLED BY A UNITED STATE POSTAL INSPECTOR TO COME RE-CIEVE THE A ALREADY ONCE DELIVERED PACKAGE. THE EX-ACT DEFINITION OF **ENTRAPMENT** IS A MATTER OF DIS-PUTE, BUT IT CLEARLY INCLUDES THE SITUATION IN WHICH "THE CRIMINAL DESIGN ORIGINATES WITH THE (POLICE AGENT) AND THEY IMPLANT IN THE MIND OF AN INNOCENT PERSON THE DISPOSITION TO COMMIT THE OFFENSE AND INDUCE ITS COMMISSION IN ORDER THAT THEY MAY PROSECUTE." Sorrells V. U.S., 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932).

## PRAYER

FOR THE REASONS STATED IN THIS MOTION, PETITIONER ASKS THE COURT TO GRANT THIS MOTION FOR REHEARING, SET THE CASE FOR ORAL ARGUMENT, AND AFTER ARGUMENT SUSTAIN PETITIONERS ISSUES PRESENTED FOR REVIEW, REVERSE THE JUDGEMENT OF THE TRIAL COURT, AND ORDER A NEW TRIAL.

RESPECTFULLY SUBMITTED

*Lydell A. Jones*

LYDELL ANTON JONES
PETITIONER PRO-SE
TDCJ # 19D2538
H.H. COFFIELD UNIT
2661 FM 2054
TENNESSEE COLONY, TEXAS 75884

## PAGE 4

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FORE-GOING MOTION FOR REHEARING HAS BEEN PROPERLY DELIVERED TO THE CLERK REPRESENTING THE COURT OF CRIMINAL APPEALS BY MAILING IT TO P.O. BOX 12308 CAPITOL STATION, AUSTIN, TEXAS 78711 BY UNITED STATES POSTAL SERVICE ON THIS 23rd DAY OF DECEMBER 2015.

RESPECTFULLY SUBMITTED

Lydell A Jones

LYDELL ANTON JONES
TDCJ# 1902538  PETITIONER PRO-SE
H.H. COFFIELD UNIT
2661 FM 2054
TENNESSEE COLONY, TEXAS 75884

PD - 0772 - 15

COA No. 01-13-00920-CR

Tr. Ct. No. 12-09-09812-CR

LYDELL ANTON JONES

VS.

STATE OF TEXAS

PETITIONERS MOTION FOR REHEARING

CERTIFICATE OF GOOD FAITH

I LYDELL ANTON JONES, PETITIONER IN THE ABOVE-STYLED CAUSE NUMBERS, CERTIFIES THAT THE FOREGOING MOTION FOR REHEARING IS DONE IN GOOD FAITH And Not for delay. PETITIONER IS INCARCERATED IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE - CID AT H.H. COFFIELD UNIT IN ANDERSON COUNTY, DECLARES THAT THE FOREGOING IS TRUE AND CORRECT UNDER PENALTY OF PERJURY. EXECUTED THIS 03rd DAY OF DECEMBER 2015.

RESPECTFULLY SUBMITTED

Lydell A. Jones

LYDELL ANTON JONES
H.H. COFFIELD UNIT
TDCJ# 1902538 PETITIONER PRO-SE
2661 FM 2054
TENNESSEE COLONY, TEXAS 75884-5060

PD - 0772 - 15
COA No. 01-13-00920-CR
Tr. Ct. No. 12-09-09812-CR

LYDELL ANTON JONES

VS.

STATE OF TEXAS

PETITIONER MOTION FOR REHEARING

PROOF OF MAILING

I LYDELL ANTON JONES, BEING INCARCERATED IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-CID AT ANDERSON COUNTY, H.H. COFFIELD UNIT, 2661 F.M. 2054, TENNESSEE COLONY, TEXAS, 75884-5000, HAVE PLACE THE PETITIONERS MOTION FOR REHEARING INTO INTERNAL MAIL BOX OF THE H.H. COFFIELD UNIT ON THIS 03rd DAY OF DECEMBER 2015. THIS TRUE AND CORRECT UNDER THE PENALTY OF PERJURY. EXECUTED ON THIS 03rd DAY OF DECEMBER 2015.

RESPECTFULLY SUBMITTED

Lydell A. Jones

LYDELL ANTON JONES
TDCJ # 1902538 PETITIONER PRO-SE
H.H. COFFIELD UNIT
2661 FM 2054
TENNESSEE COLONY, TEXAS 75884



LYDELL ANTON JONES #1902538
H.H. COFFIELD UNIT
2661 FM 2054
TENNESSEE COLONY, TEXAS 75884

NORTH TEXAS TX PURPLE
DALLAS TX 750
15 DEC 2015 PM 5 L

√ABEL ACOSTA, CLERK
COURT OF CRIMINAL APPEALS
P.O. BOX 12308 Capitol Station
AUSTIN, TEXAS 78711

RE: MOTION FOR REHEARING

787112508086

LEGAL

LEGAL    44×1    77×1

LEGAL